**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> DAVID JONES, ET AL., </br></br> Defendants. | ) </br> ) </br> ) </br> ) Criminal No. 15-CR-10148-LTS </br> ) </br> ) </br> ) </br> ) |

**DEARRON CURETON'S MEMORANDUM IN OPPOSITION TO**
**GOVERNMENT'S MOTION FOR DETENTION**

Under applicable First Circuit precedent, Defendant Dearron Cureton is statutorily entitled to pre-trial release. Objective evidence establishes that Mr. Cureton is not dangerous to the community and is not a flight risk. Any concerns to the contrary can be adequately addressed by appropriate conditions of release, including electronic monitoring, to which Mr. Cureton is entirely willing to consent.

**PROCEDURAL BACKGROUND**

Mr. Cureton is one of nine defendants charged in the instant indictment, and one of several dozen individuals arrested and charged in the Government's sweep of the "Columbia Point Dawgs." The indictment's allegations against Mr. Cureton are both isolated and entirely conclusory. The same is true of the allegations in the FBI affidavit that the Government has offered in support of its motion for pre-trial detention. The indictment charges that Mr. Cureton participated in a drug conspiracy of unspecified duration and that 100 grams of heroin are "attributable" to him. Indictment, Doc. Rec. 3, at 3. The indictment does not offer any specific factual details in support of this conclusory allegation. The FBI affidavit that the Government has submitted, which runs 50 paragraphs and 27 pages, mentions Mr. Cureton only once, in

paragraph 32, in a sentence alleging that he is an "[o]lder CPD member" who was an "alternative source of crack and cocaine for the Jones Crew when CPD leader Demetrius Williams was unavailable." FBI Affidavit, Doc. Rec. 7, at 17. The FBI affidavit offers no factual detail in support of this conclusory allegation. Moreover, the FBI affidavit does not make any claim — conclusory of otherwise — that Mr. Cureton was involved in distribution of heroin, the offense with which he is charged. It is also noteworthy that the nearly 200 pages of Jencks material that the Government has made available to counsel in advance of the pre-trial detention hearing makes no mention of Mr. Cureton.

Mr. Cureton vigorously disputes all of the allegations against him, including the FBI affidavit's characterization of him as an "older member" of the Columbia Point Dawgs.

**DEFENDANT'S BACKGROUND**

Mr. Cureton is a 27 year-old U.S. citizen. He holds no passport, has never left the United States, and has lived in the Greater Boston area for his entire life. Mr. Cureton lives in Randolph in a committed relationship with his girlfriend, Bonnie Strong, with whom he has a five year-old child. Mr. Cureton has two other children, ages 7 and 1. Mr. Cureton provides some measure of financial and parental support for all three of his children, and he is the primary breadwinner for Ms. Strong and their five year-old child. Mr. Cureton is also in frequent contact with his mother, Jewell Cureton, who also resides in Randolph, as well as with his two younger sisters.

Although Mr. Cureton has had previous contacts with the criminal justice system, he has never been convicted of a crime of violence, never been charged with a gang-related offense, and has proven that he is not a flight risk. Indeed, Mr. Cureton's prior contacts with the criminal justice system demonstrate his statutory entitlement to pre-trial release. For example, in late

2014, Mr. Cureton was charged in Massachusetts state court with a drug offense, a charge that has since been dismissed by the Commonwealth. The state court released Mr. Cureton on bail subject to electronic monitoring. During his period of release, Mr. Cureton showed up to every court hearing at which his appearance was required, did not make any attempt to flea the jurisdiction, and did not engage in any conduct dangerous to the community. He also maintained regular employment with a local landscaping company, a well-paying job that he hopes to maintain while awaiting trial on the instant federal charges that have been brought against him.

## ARGUMENT

Under the Bail Reform Act, 18 U.S.C. § 3142(e), Mr. Cureton has the burden of producing "some" credible evidence to rebut the statutory presumption that pre-trial detention is necessary to ensure his appearance at trial and the safety of the community. *United States. v. Jessup,* 757 F.2d 378, 384 (1st Cir. 1985). If Mr. Cureton satisfies his burden of production, he is statutorily entitled to pre-trial release unless the Government either (1) establishes by a preponderance of the evidence that Mr. Cureton is a flight risk or (2) establishes by clear and convincing evidence that he is a danger to the community. *See* 18 U.S.C. § 3142(f).

Mr. Cureton's personal history and characteristics, including in particular his recent successful experience with pre-trial release in the state court system, is sufficient to satisfy his threshold burden of production under the First Circuit's *Jessup* decision. The burden of persuasion therefore shifts to the Government, and the Government has offered no evidence that can remotely satisfy this burden. As an initial matter, although the offense with which Mr. Cureton is charged carries a significant mandatory minimum, Mr. Cureton is not charged with a crime of violence, nor does the FBI affidavit allege that Mr. Cureton engaged in violent acts as part of his supposed involvement in the charged drug conspiracy. To the contrary, on its face,

the FBI affidavit alleges that Mr. Cureton had only a very minor role in the charged drug conspiracy. An individualized assessment of Mr. Cureton, which is what the law requires, *cf. United States v. DiGiacomo*, 746 F. Supp. 1176, 1187-89 (D. Mass. 1990), belies the Government's unsupported claim that Mr. Cureton would be a flight risk or danger to the community if released prior to trial.

In addition to a reasonable bail amount, Mr. Cureton is willing to submit to electronic monitoring via a GPS device. Mr. Cureton is also willing to agree to a curfew, as well as additional travel restrictions (*e.g.*, an agreement not to leave the District without prior consent of the Court or Pre-Trial Services). In addition, family members would be willing to serve as third-party custodians or monitors to ensure Mr. Cureton's appearance and compliance with conditions of release. These possibilities, along with any other conditions of release the Court may require, would be more than sufficient to ensure Mr. Cureton's appearance and the safety of the community.

In sum, Mr. Cureton poses neither a flight risk nor any kind of danger to the community. Mr. Cureton is a lifelong Massachusetts resident with very strong ties to the area, and pretrial release with appropriate supervision would allow him to care for his family while awaiting trial. Mr. Cureton has successfully complied with pre-trial release conditions in the past, has never been convicted of a crime of violence, is not presently charged with a crime of violence or any violent acts, and is described as a mere bit player in the charged drug conspiracy. Finally, based on the evidentiary materials submitted by the Government to date, the evidence against him in the instant case is weak. Accordingly, Mr. Cureton is statutorily entitled to pre-trial release.

## CONCLUSION

For the reasons set forth above, Mr. Cureton requests that the Government's motion for detention be denied.

Dated:  June 26, 2015                                  Respectfully submitted,

        /s/   Emily J. Honig
Emily J. Honig
Joshua S. Levy
Aaron M. Katz
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
(617) 951-7000 (Tel)
(617) 951-7050 (Fax)
Emily.Honig@ropesgray.com

**CERTIFICATE OF SERVICE**

    I, Emily J. Honig, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 26, 2015.

        /s/  Emily J. Honig
Emily J. Honig