UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | Crim. No. 15-CR-10148-2 |
| KAREEM BERRY | ) ) ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant, Kareem Berry, submits this memorandum to assist the Court in determining an appropriate sentence in this case. The defendant requests that this Court adopt the parties' agreed-upon recommendation and impose a sentence of 60 months incarceration with 48 months of supervised release thereafter. This sentence is sufficient, but not greater than necessary, to comply with the purposes enunciated by Congress in 18 U.S.C. § 3553(a).

**Kareem Berry's Background**

The defendant was born and raised in Boston. Prior to his arrest, he had lived his entire life in the Dorchester section of the city. Mr. Berry's upbringing was a difficult one. He grew up having virtually no contact with his biological father. His mother was addicted to alcohol and crack cocaine. He remembers seeing his mother abuse drugs in the family home when he was a

1

child. After age 8, his grandmother served as his primary guardian.

Mr. Berry's upbringing was largely devoid of any positive male role models. His father was largely absent. He was close with his three older brothers but all have come into contact with the criminal justice system. Two of his brothers, Willie and Tony, are named in a related indictment. (See 15-cr-10146-FDS). His brother Jermaine, with whom he was closest, was arrested in 2003 for shooting at four police officers and wounding two. Jermaine is currently serving a State Prison sentence of 31-43 years.

Mr. Berry struggled in school and, unfortunately, did not graduate high school. School records reflect a concern about emotional problems, including depression. He has also struggled with alcohol and drug abuse, including marijuana and heroin. He has attempted to quit these substances but has never engaged in formal treatment.

Despite the many obstacles that he has encountered, Mr. Berry accepts full responsibility for the conduct that has brought him before the Court for sentencing. He understands that he must be held accountable for his mistakes but looks forward to rebuilding his life after his incarceration. His detention in this case is the first time that he has been in custody for more than a day. He is committed to never returning to prison. He is

intent on making productive use of his time in prison and is eager to participate in drug treatment and vocational training.

Mr. Berry enjoys a tremendous amount of support, particularly from his grandmother, Marie, and his girlfriend of eight years, LaToya. Both of these women have been a source of strength to him during this difficult time. This support will be critical to his success post-incarceration. Moreover, the substantial period of supervised release will provide added incentive for Mr. Berry to conform his behavior to the dictates of the law.

## **An Appropriate Sentence**

The case is before the Court following a guilty plea pursuant to Rule 11(c)(1)(C). Mr. Berry has pled guilty to the charge of conspiracy and acknowledges that he is responsible for over 100 grams of heroin. He is therefore subject to a sentence of no less than 60 months. The parties have recommended a sentence of 60 months to be followed by four years of supervised release.

The defendant respectfully requests that this Court accept the joint recommendation. Incarceration beyond a term of 60 months would be excessive and would not further any of the purposes set forth in 18 U.S.C. § 3553(a). This lengthy term of incarceration is particularly severe in light of the defendant's lack of any prior incarceration. The sentence unambiguously

reflects the seriousness of the offense while offering a substantial deterrent to the defendant and to others who may consider engaging in similar conduct.

The proposed sentence is also consistent with the advisory sentencing guidelines. Indeed, the recommendation is towards the higher end of the advisory guideline range of 51 months to 63 months. Were it not for the applicability of the mandatory minimum sentencing provision, the defendant would be well-positioned to argue for a sentence of well under 60 months.

The defendant further requests that the Court impose the joint recommendation of four years of supervised release, the statutory minimum. The defendant objects to the Proposed Special Condition that he not associate with members and associates of the Columbia Point Street Gang. The defendant has no intention of participating in any gang-related activity or any other illegal activity when he is released. Yet the condition as proposed is unduly vague and open to subjective interpretation. It is unclear what would constitute "association" with gang members, particularly where two of the individuals alleged to be members of the gang are his own brothers. Moreover, there is no specificity as to who would qualify as a member or associate of the gang, whether that person need be a current member or associate of the gang, or even that defendant have personal

knowledge of that person's affiliation. The proposed condition lacks sufficient clarity and should not be imposed.

### **Request for "RDAP" Recommendation**

The defendant requests that the Court recommend that he be admitted to the Bureau of Prison's Residential Drug Abuse Program ("RDAP"). The defendant has long struggled with drug addiction. He is eager to avail himself of all available treatment programs during his incarceration. Participation RDAP would be a crucial step in his path towards maintaining sobriety after his release from custody.

### **Conclusion**

A sentence of 60 months imprisonment is an appropriate punishment in this case. It holds the defendant responsible for the crimes he committed but is no greater than necessary to effectuate the purposes of 18 U.S.C. § 3553(a). The defendant requests that the Court accept the joint recommendation of the parties.

KAREEM BERRY
By His Attorneys,

CARNEY & ASSOCIATES

/s/ *Samir Zaganjori*

Samir Zaganjori
B.B.O. #663917

Dated: January 22, 2016

20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

                                              /s/ *Samir Zaganjori*

                                              Samir Zaganjori

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 15-CR-10148-2 |
| | ) | |
| KAREEM BERRY | ) | |

**AFFIDAVIT SUPPORTING DEFENDANT'S SENTENCING MEMORANDUM**

I, Samir Zaganjori, state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

/s/ *Samir Zaganjori*
Samir Zaganjori

Dated: January 22, 2016